## WILLIAM J. ANDERSON v. STATE OF INDIANA.

[No. 774S129. Filed October 8, 1975.]

Harriette Bailey Conn, Public Defender of Indiana, for appellant.

Theodore L. Sendak, Attorney General, Robert S. Spear, Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, William J. Anderson, was indicted on March 8, 1972, on three counts: Count I, Robbery; County II, Commission of a Felony While Armed with a Dangerous and Deadly Weapon; Count III, Commission of a Crime of Violence While Armed. The Appellant's trial on these counts was commenced on July 10, 1972. On July 11, 1972, the Appellant petitioned the trial court to enter a plea of guilty to Count II. The petition was granted by the court, the former plea of not guilty withdrawn, and the plea of guilty to Count II accepted. The Appellant was sentenced on July 14, 1972.

On September 26, 1972, the Appellant filed a petition for post-conviction relief. The court entered conclusions of law and findings of fact denying this petition on April 3, 1973. A June 1, 1973, Motion to Correct Errors was denied on July 2, 1973. This appeal originates from that denial.

I.

The Appellant's central contention revolves around whether or not his plea of guilty was entered knowingly and voluntarily. A trial court is required to determine the presence of knowledge and voluntariness before a plea of guilty is accepted or refused by the court. Nicholas v. State, (1973) 261 Ind. 115, 300 N.E.2d 656; Campbell v. State, (1951) 229 Ind. 198, 96 N.E.2d 876.

We look first at whether or not the Appellant's plea was knowingly entered. The entry of a plea of guilty involves waiver of three important federal constitutional rights: the

privilege against self-incrimination; the right to trial by jury; the right to confront one's accusers. *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, established that waiver of these federal rights may not be presumed from a "silent" record. The record must affirmatively show knowing and voluntary waiver of these rights if a plea of guilty is to be upheld.

Appellant specifically points to his right to remain silent and not testify against himself as one of which he was not informed.[1] The record reveals that the Appellant was given the usual *Miranda* warnings at his initial appearance in court, which included the right to remain silent. The Appellant signed a "Petition to Enter a Plea of Guilty" in which the right to remain silent was not specifically mentioned. That "petition" specifically set forth a number of other rights, however: the right to a speedy and public trial; the right to release on bail; the right to confront one's accusers; the right to use the power and process of the court to compel the production of evidence and the attendance of witnesses; the right to the assistance of counsel at every stage of the proceedings; the right to appeal upon conviction. The "petition" also asserted that the Appellant understood the statements set forth in the indictment, the "petition," and the "Certificate of Counsel" attached to the "petition." That "certificate" asserted that in the opinion of defense counsel the defendant's plea was offered understandingly.

*Boykin* v. *Alabama, supra,* was concerned primarily with *what* the record must show, not *who* must make the record. *Williams* v. *State,* (1975) 263 Ind. 165, 325 N.E.2d 827. While it is desirable that a trial judge personally advise a defendant of his rights as enumerated in *Boykin,* this is not a hard and fast rule. Rather, a record may otherwise affirmatively show that a defendant who

---

1. The plea of guilty here was entered before the passage of Ind. Code § 35-4.1-1-3, *Burns* § 9-1204 (1974 Supp.) which requires that the trial court address the defendant and advise him of his rights prior to entry of a guilty plea.

enters a guilty plea does so knowingly and voluntarily. *Williams, supra.*

From the totality of the circumstances we are inclined to believe that the Appellant here was fully informed of his rights. He had gone so far as to participate in a portion of his own trial before entering his plea. He was fully represented by counsel. A judge cannot be expected to give such a defendant a lecture on constitutional law and all of its ramifications before entry of a plea. We find no merit in the Appellant's argument that his plea of guilty was not knowing.

## II.

The voluntariness of the Appellant's plea of guilty is an entirely different matter. The record shows that the trial judge in the midst of trial actively participated in plea bargaining with the defendant, apparently over the opposition of the State:

> "JUDGE TOLEN: The instrument contains the statement, Mr. Lux, that the sentence be 11 years flat with credit for time spent in jail. That is not the recommendation of the State is it?
>
> "MR. LUX: The State is not going to make a recommendation in this case.
>
> \* \* \*
>
> "JUDGE TOLEN: Show the waiver of formal arraignment and the entering of the plea of guilty. The Court accepts the plea of guilty with the plea bargaining done by the Court. Show that in your record, so it's not the Prosecutor's fault, it's not the Sheriff's fault, I'll take the blame for it. \* \* \*"

Appellant urges this court to adopt the standards regarding judge participation prescribed in the American Bar Association's "Standards Relating to Pleas of Guilty." Those standards stipulate that a trial judge should not participate in plea discussions and that a judge should enter into the plea bargaining process only in indicating approval or disapproval of a tentative plea agreement. ABA Standards Relating to

Pleas of Guilty, § 3.3 (Approved Draft, 1968). While we approve of these standards as guidelines, they do not seem to really answer the question of voluntariness that confronts us.

The participation of a trial judge in the plea bargaining process does not, as a matter of law, render a guilty plea involuntary. *Brown* v. *Peyton,* (4th Cir. 1970) 435 F.2d 1352, *cert. denied* 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133 (1972). Rather, to determine voluntariness we look again at all the circumstances surrounding the plea. We do so, however, from the perspective that judicial participation in plea bargaining is highly suspect.

*United States ex rel. Elksnis* v. *Gilligan,* (S.D.N.Y. 1966) 256 F.Supp. 244 at 254 stated well the reasons for our circumspection:

> "The unequal positions of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of fundamental fairness. When a Judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence. One facing a prison term, whether of longer or shorter duration, is easily influenced to accept what appears the more preferable choice. Intentionally or otherwise, and no matter how well motivated the judge may be, the accused is subjected to a subtle but powerful influence. A guilty plea predicated upon a judge's promise of a definite sentence by its very nature does not qualify as a free and voluntary act. The plea is so interlaced with the promise that the one cannot be separated from the other; remove the promise and the basis for the plea falls. "A judge's prime responsibility is to maintain the integrity of the judicial system; to see that due process of law, equal protection of the laws and the basic safeguards of a fair trial are upheld. The judge stands as the symbol of even-handed justice, and none can seriously question that if this central figure in the administration of justice promises

an accused that upon a plea of guilty a fixed sentence will follow, his commitment has an all-pervasive and compelling influence in inducing the accused to yield his right to trial. . . ." (citations omitted)

We are confronted in this case with a record which does not permit us to look at all the circumstances surrounding the Appellant's guilty plea. The trial judge, while presiding over the Appellant's trial, conducted plea bargaining negotiations. What was the extent of these negotiations? When did they take place? What did they consist of? The record is silent. The Appellant's "Petition to Enter a Plea of Guilty" is self-contradictory, stating at one point that no promises were made and at another that the sentence on the bargained plea is to be a determinate sentence of eleven years. The record overall falls far short of the affirmative showing required under the *Boykin* and *Williams* decisions, and is particularly lacking when the irregularity of the trial court's conduct is considered.

While we cannot say that the trial court here induced an involuntary guilty plea, neither can we say that, based on the record, it did not. The irregularity of a presiding trial judge conducting plea bargaining makes it even more imperative that a sound record affirmatively showing voluntariness be made. This was not done. We can therefore only reverse.

### III.

One of Appellant's remaining contentions perhaps should be resolved for the guidance of the court upon retrial. It concerns the requirements for sentencing under Ind. Code § 35-12-1-1, Burns § 10-4709 (1974 Supp.) :

*"Commission of or attempt to commit crime while armed with deadly weapon.*—Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a sep-

arate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years. The penalty imposed by this chapter [section] is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes."

Appellant contends that sentencing on the basis of this crime, which was the crime to which he pled guilty, is not possible without first having an underlying conviction for an attempted or committed felony. The Appellant presents no authorities to support reversal on such grounds and we can find no merit in the position. A verdict of guilty for this crime implicitly finds that an attempted or committed felony occurred. A plea of guilty to this crime implicitly admits that an underlying attempted or committed felony occurred.

The judgment of the trial court below is reversed and a new trial ordered.

All Justices concur.

NOTE.—Reported at 335 N.E.2d 229.