**Frederick Van McDOWELL, Appellant,**
v.
**STATE of Indiana, Appellee.**
**No. 180S3.**

Supreme Court of Indiana.

July 13, 1981.
Rehearing Denied Oct. 6, 1981.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On February 6, 1974, a Marion County Grand Jury issued an indictment charging Frederick Van McDowell, James Owens, and Clifford Kirksey, with Felony Murder and First Degree Murder. On May 1, 1974, Appellant McDowell filed a motion for change of venue from the county which was granted on May 2, 1974, and the cause was venued to the Hancock Superior Court. On September 23, 1974, co-defendants James Owens and Clifford Kirksey indicated to the trial court that plea bargains had been negotiated with the State of Indiana and their contemporaneous motions for separate trials were granted.

On November 19, 1974, a jury was selected and sworn. The trial court indicated to defendant McDowell its preliminary instructions Nos. 1 through 11. Defendant McDowell did not object to the trial court's instructions, nor did he tender Preliminary Instructions. The trial court then read its preliminary instructions to the jury. The State of Indiana made an opening statement. Defendant McDowell waived making an opening statement. The State began presentation of its case, during which Defendant McDowell made a motion for mistrial which was argued and denied. The State continued presentation of its case until November 20, 1974. On November 20, 1974, out of the presence of the jury and after the testimony and cross examination of four witnesses, one of whom was James Owens, and questioning by the court of Clifford Kirksey preliminary to his testifying, defendant Frederick Van McDowell moved the trial court for permission to withdraw his former plea of not guilty to Count II and to enter a plea of guilty to the offense of Second Degree Murder which was contained in that count. The State consented to the plea and the terms of the negotiated plea bargain were disclosed to the trial court. The trial court granted Defendant's motion to withdraw his former plea. Defendant then, in open court, entered his guilty plea to the offense of Second Degree Murder. The trial court granted the State's motion to incorporate the evidence presented at trial as an evidentiary basis for the plea and additionally heard a summarization of the additional evidence which would have been presented had the trial progressed. The trial court accepted the guilty plea, rendered judgment based upon the plea bargain and sentenced Appellant to a term of not less than fifteen (15) nor more than twenty-five (25) years imprisonment.

On December 16, 1974, the State filed a Motion to Dismiss Count I as to McDowell and the trial court granted this motion. On January 9, 1978, Defendant McDowell filed a pro se Petition for Post-Conviction Relief and later an amended petition was filed in which defendant was represented by the Public Defender. Hearing on appellant's Petition for Post-Conviction Relief was had

and judgment rendered denying appellant's Petition. McDowell filed his Motion to Correct Errors which was overruled on October 9, 1979. Appellant appeals from this denial.

Appellant claims that the trial court failed to comply with the requirements of Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) and Ind.Code § 35–4.1–1–4 (Burns 1979 Repl.) which provide as follows:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

\* \* \* \* \* \*

"(a) The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea.

(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea.

(c) A plea of guilty shall not be deemed to be involuntary under subsection (a) of this section solely because it is the product of an agreement between the prosecution and the defense."

Appellant argues specifically that the trial court did not advise him pursuant to Ind.Code § 35–4.1–1–3(c) that by his plea of guilty he waived his right to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he may not be compelled to testify against himself. He concedes that he was advised of his right to a public and speedy trial by jury. The trial court made the following pertinent findings of fact:

" \* \* \* \*

3. The proceedings before the Court during the trial of the cause to the point where petitioner entered his plea of guilty were incorporated as a part of the guilty plea hearing held on November 20, 1974.

4. The petitioner from shortly after his indictment by the Marion County Grand Jury to and including the date of his sentencing was represented by Robert G. Mann, an attorney of Indianapolis, Indiana, and was further represented from November 13, 1974 to and including the date of his sentencing by George J. Lewis who was appointed as pauper local counsel to aid in the defense of the petitioner.

5. The petitioner did not appeal the judgment of conviction entered against him in this cause.

6. The trial proceedings which occurred prior to the entry of petitioner's plea of guilty involved voir dire examination of prospective jurors and the selection of a jury to try the case, the reading of the preliminary instructions to the jury previously set-

tled by the Court with the parties, opening statements and the presentation of a portion of the evidence of State of Indiana against the petitioner and during such proceedings the petitioner was physically present therefor. The Court read to the jury a preliminary instruction in the hearing and presence of the defendant which stated that the State of Indiana had the burden to prove the petitioner's guilt beyond a reasonable doubt. During the course of the State of Indiana's presentation of evidence, the petitioner was in the actual process of confronting his accusers and aware that he was doing so in a trial before a jury.

7. At this guilty plea hearing the petitioner was advised that by a plea of guilty he was waiving his rights to a public and a speedy trial before a jury and stated that he understood such waiver. The petitioner was further advised that he was by a plea of guilty admitting the truth of all the facts in the indictment necessary to show his guilt of the offense of Second Degree Murder and he indicated that he understood such to be the case. The petitioner was further advised that there would be no further trial, the jury would be sent home and his guilt determined because he said he was guilty of such offense and he indicated that he understood such to be the case.

8. The petitioner stated at his guilty plea hearing he knew the maximum and minimum possible sentences for the offenses of First and Second Degree Murder; the Court was not bound by the plea bargain agreement and he understood the plea bargain and the charges pending against him in the case.

9. At his guilty plea hearing, the Court did not specifically advise the petitioner that by a plea of guilty he was waiving his rights to face the witnesses against him, have compulsory process for obtaining witnesses in his favor or require the State of Indiana to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself, pursuant to IC 35–4.1–1–3.

10. The record including the portion of the trial of the cause preceding petitioner's plea of guilty which was before the Court at the time petitioner entered his plea of guilty disclosed to the Court that the petitioner was aware of the existence of the following rights and that a guilty plea would waive those rights:

> Jury trial
>
> Confrontation of accusers
>
> Self incrimination and proof beyond a reasonable doubt."

The trial court made Conclusions of Law as follows:

"1. Petitioner's waiver of trial by jury and acknowledgment that he would not receive a trial and that his guilt would be determined because he said he was guilty constitutes a waiver of his rights to a trial by jury, controntation (sic) of his accusers, freedom from self incrimination and proof of his guilt by the State of Indiana beyond a reasonable doubt.

2. Petitioner knowingly, intelligently and voluntarily waived his rights to a trial by jury, confrontation of his accusers, self incrimination and proof of guilt by the State of Indiana beyond a reasonable doubt, and his plea of guilty to the offense of Second Degree Murder was entered into freely, voluntarily, intelligently and knowingly.

3. The failure of the Court to advise petitioner prior to his guilty plea that he was waiving by such plea his right to the subpoena power of the Court for the purpose of compelling the attendance of witnesses is legally insufficient to invalidate petitioner's plea of guilty in this cause.

4. Petitioner's sentence and conviction herein was not in violation of due process of law.

5. The petitioner is entitled to no relief from this Court pursuant to his petition for post conviction relief filed herein."

In *Herman v. State*, (1979) Ind., 395 N.E.2d 249, 253, we set forth our standard of review in post-conviction matters as follows:

"The burden of proof in a post-conviction hearing is on the petitioner. *Lenoir v. State*, (1977) Ind., 368 N.E.2d 1356, 1357; *Perkins v. State*, (1975) 263 Ind. 270, 271, 329 N.E.2d 572, 573. The trial court is the trier of fact and sole judge of the weight of the evidence and credibility of the witnesses. A judgment of the trial court will not be disturbed unless the evidence is without conflict and leads inescapably to a conclusion which is contrary to that reached by the trial court. *Perkins v. State, supra; Hoskins v. State,* (1973) 261 Ind. 291, 295, 302 N.E.2d 499, 501. *See Turner v. State,* (1972) 259 Ind. 344, 346, 287 N.E.2d 339, 341."

The facts before the post-conviction relief judge here showed that defendant was on trial on two alternative counts of first degree murder in 1974. After hearing the testimony of five witnesses called by the State, the defendant called a halt to the trial to inform the trial judge that the parties had arranged a plea bargain to allow him to plead guilty to second-degree murder. This bargained plea was accepted by the court and the defendant was sentenced to a term of fifteen to twenty-five years. In 1974, he could have received a term of life imprisonment, if convicted of first degree murder, on either of the counts for which he was being tried. Up to this point in the trial, defendant was present with his attorney when he heard the court advise the jury with preliminary instructions as to his presumption of innocence and the standard of proof necessary for the State to convict him. He actively took part in the trial in which he did face those testifying against him and had them cross-examined. Petitioner and his attorney determined at that time that it would be more to his advantage to plead guilty to the lesser-included offense of second degree murder and take the lesser penalty, which he ultimately received, than to take a chance on the jury deciding the case on the evidence they had already heard and on further evidence disclosed by the State. The trial judge was informed that there was a plea bargain entered into by the parties that would permit the defendant to enter a plea of guilty to second degree murder without objection from the State. The record shows that the trial judge did discuss this issue with the defendant personally and did advise him of certain of his constitutional rights. The judge fully discussed defendant's plea with him. He addressed him and questioned him in regard to his agreement and any possible threats, force or promises. The appellant's attorney also made a statement in this regard. The judge made it clear that the court was not a party to the agreement. He reviewed the factual basis for the plea and there was ample evidence on this issue. He informed appellant of his waiver of rights to a public and speedy trial and appellant expressed his understanding of this waiver. The trial judge determined that the appellant understood the nature of the charges and appellant admitted the truth of the allegations. Appellant understood the possible sentences. However, the court did not expressly enumerate each and every one of the constitutional rights specifically mentioned in Ind.Code § 35–4.1–1–3 at that time.

We faced a similar situation in *Anderson v. State*, (1975) 263 Ind. 583, 586, 335 N.E.2d 225, 227, and held therein:

"From the totality of the circumstances we are inclined to believe that the appellant here was fully informed of his rights. He had gone so far as to participate in a portion of his own trial before entering his plea. He was fully represented by counsel. A judge cannot be expected to give such a defendant a lecture on constitutional law and all of its ramifications

before entry of a plea. We find no merit in appellant's argument that his plea of guilty was not knowing."

The plea in *Anderson* was made before the enactment of Ind.Code § 35–4.1–1–3; however, it has since been held that the enactment of the statute was no more than a codification of existing law which held that the trial court's responsibility is to ascertain whether defendant's guilty plea is entered knowingly, voluntarily, and intelligently, and not necessarily to personally advise him of each of those rights. *Kindred v. State,* (1977) Ind.App., 365 N.E.2d 776–780; *Ewing v. State,* (1976) Ind.App., 358 N.E.2d 204.

The trial judge here found that the appellant-petitioner did not meet his burden to show that he entered a plea of guilty to second-degree murder without knowingly and willingly doing so, and without being fully advised of his rights. There is no reason for us to disturb those findings. We find no merit in appellant's argument that his plea of guilty was not freely, voluntarily, knowingly, and intelligently entered. Judgment affirmed.

GIVAN, C. J., and HUNTER, J., concur.

DeBRULER, J., dissents with separate opinion in which PRENTICE, J., concurs.

DeBRULER, Justice, dissenting.

This appeal arises from the denial of a petition for post-conviction relief in which appellant sought to withdraw a plea of guilty to the offense of second degree murder. Appellant received a sentence of imprisonment for fifteen to twenty-five years.

The plea was entered in November, 1974, after the appellant's trial for felony murder and first-degree murder had commenced.

Appellant filed the petition for post-conviction relief in 1978, alleging that his guilty plea was not entered knowingly, intelligently, and voluntarily. The trial court denied the petition after a hearing.

The issue on appeal is whether the trial court erred in determining that the record of the guilty plea and the prior trial proceedings was sufficient to support the finding that the plea was knowingly, intelligently, and voluntarily entered.

The trial court made the following pertinent findings of fact:

"At his guilty plea hearing, the Court did not specifically advise the petitioner that by a plea of guilty he was waiving his rights to face the witnesses against him, have compulsory process for obtaining witnesses in his favor or require the State of Indiana to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself, pursuant to IC 35–4.1–1–3.

"The record *including the portion of the trial of the cause preceding petitioner's plea of guilty* which was before the Court at the time petitioner entered his plea of guilty disclosed to the Court that the petitioner was aware of the existence of the following rights and that a guilty plea would waive those rights." (Emphasis added.)

and concluded that

"1. Petitioner's waiver of trial by jury and acknowledgement that he would not receive a trial and that his guilt would be determined because he said he was guilty constitutes a waiver of his rights to a trial by jury, confrontation of his accusers, freedom from self incrimination and proof of his guilt by the State of Indiana beyond a reasonable doubt.

"2. Petitioner knowingly, intelligently and voluntarily waived his rights to a trial by jury, confrontation of his accusers, self-incrimination and proof of guilt by the State of Indiana beyond a reasonable doubt, and his plea of guilty to the offense of Second Degree Murder was entered into freely, voluntarily, intelligently and knowingly.

"3. The failure of the Court to advise petitioner prior to his guilty plea that he was waiving by such plea his right to the subpoena power of the Court for the purpose of compelling the attendance of witnesses is legally insufficient to invalidate petitioner's plea of guilty in this cause."

Appellant contends that the record fails to reveal that the trial court complied with the requirements of Ind.Code § 35–4.1–1–3, and Ind.Code § 35–4.1–1–4, which provide as follows:

"Ind.Code § 35–4.1–1–3. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

"(a) Determining that he understands the nature of the charge against him;

"(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

"(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

"(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

"(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

"Ind.Code § 35–4.1–1–4. (a) The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea.

"(b) The court shall not enter judgment upon the plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea.

"(c) A plea of guilty shall not be deemed to be involuntary under subsection (a) of this section solely because it is the product of an agreement between the prosecution and the defense."

The State responds by contending that rights of which appellant was not specifically informed by the trial court were nevertheless known to him by virtue of his presence and participation in the trial. The State argues that since appellant had been present during the selection of jurors, reading of preliminary instructions, and direct and cross-examination of witnesses, the trial court could infer that he was aware of all the rights that were, or could have been, exercised on his behalf.

I am compelled to agree with appellant that reliance on such an inference does not pass statutory muster. We have said that *while we will not require reversal merely* because the trial court fails to advise the defendant orally of each of the constitutional rights that are forfeited upon entry of a guilty plea, we will nevertheless require that the record demonstrate "a sufficient basis for the conclusion that the defendant was meaningfully advised of the rights and law detailed in West's Ann.Ind.Code § 35–4.1–1–3 (1978)." *Turman v. State,* (1979) Ind., 392 N.E.2d 483.

An inference drawn from a defendant's mere presence at his trial does not amount to the requisite active process of informing the defendant of his rights. There was, in the present case, no written plea agreement which might have served to inform the appellant of specific rights of which the trial court failed to advise him. Trial courts should follow precisely the requirements of Ind.Code § 35–4.1–1–3 to avoid claims such as this.

The judgment of the trial court should be reversed and this cause remanded to the trial court with instructions to vacate the

guilty plea, reinstate the plea of not guilty, and set the matter for trial.

PRENTICE, J., concurs.