**Michael ARNOLD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 385S78.**

Supreme Court of Indiana.

Dec. 9, 1986.

Susan K. Carpenter, Public Defender, Richard Ranucci, Sp. Asst. to the Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant entered a plea of guilty to the offenses of Burglary, Rape and Robbery, all Class A felonies. The court imposed concurrent thirty-five (35) year sentences. Appellant now appeals the denial of his Petition for Post-Conviction Relief.

On July 19, 1982, an information was filed charging appellant with Burglary, Rape, Robbery, Confinement and two counts of Criminal Deviate Conduct. Appellant subsequently filed a written plea bargain agreement whereby he agreed to plead guilty to three counts and to testify against his codefendants in the event either of them went to trial. The State agreed not to file an habitual offender count as well as to dismiss the remaining three counts. Following a guilty plea hearing held on September 21, the trial judge took the matter under advisement. On October 15, the judge accepted the guilty plea and sentenced appellant pursuant to the terms of the plea agreement.

■ Appellant contends his guilty plea was involuntary as a result of coercion by the trial judge and by defense counsel.

At the guilty plea hearing, after the judge had comprehensively advised appellant concerning the rights he was waiving and the consequences of entering a plea of guilty, appellant stated that he did not wish to enter the plea if it meant he would have to testify against his codefendants. During the ensuing discussion about appellant's reluctance to proceed, the deputy prosecutor indicated that there would be no plea agreement if appellant refused to testify. Defense counsel then asked appellant whether he was going to go through with the agreement. The judge then stated:

> "Well, it's just yes or no, you're either— you've agreed to this on paper and now you're telling me you don't want to, so— you know, if there's no plea agreement, there's no plea...."

At that point appellant answered that he wished to proceed and enter a plea of guilty as previously agreed.

Appellant argues that the judge "pressured and coerced" him into pleading guilty by "us[ing] the intimidating atmosphere of the open court to compel his adherence to the plea agreement." He also argues that defense counsel's questioning, coupled with counsel's purported failure to move for withdrawal of the plea or seek a continuance when he expressed his unwillingness to adhere to the terms of the agreement, had a further coercive effect.

We cannot agree. The questioning by the judge and defense counsel, which must be construed to have been conducted solely for the purpose of clarifying appellant's intentions, does not amount to coercion. Following the discussion between the judge and counsel and the inquiries as to his intentions, appellant decided to proceed. There is no other evidence from which it could be inferred that appellant's will was otherwise overborne.

Appellant's reliance on *Anderson v. State* (1975), 263 Ind. 583, 335 N.E.2d 225, is misplaced. In *Anderson* the trial judge, in the midst of trial, actively participated in plea bargaining with the defendant over the opposition of the prosecution. Here, the plea bargaining process had been completed prior to the hearing. Appellant had signed and filed a plea agreement. Accordingly, we find that the post-conviction court correctly concluded that appellant was not coerced into pleading guilty.

■ Appellant next contends there was an insufficient factual basis to support his conviction for rape. He argues that he had no sexual contact with the victim and that his mere presence during the commission of the rape was not sufficient to establish his participation.

The judge pointed out to appellant that while the written plea agreement described the charge as "accessory to rape," he had actually been charged as a principal. The judge explained to appellant that he could nevertheless be convicted under a theory of accomplice liability. Appellant then admitted the truth of the allegations as set out in the information and in the probable cause affidavit. Those admissions alone were sufficient to establish the factual basis for the plea. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

Additionally, appellant's testimony regarding the facts surrounding the charges clearly established his participation. Although he stated that he did not have any sexual contact with the victim, he admitted that he and his accomplices entered the victim's house with the intent to commit robbery. He testified that he carried a shotgun and binding tape into the house and made verbal threats to the victim. He further testified that he burned the victim's fingers with a cigarette lighter and that he tied her up after she had been sexually assaulted.

While mere presence at the scene of the crime is alone insufficient to permit the inference of guilt, such presence may be considered with other factors to determine the defendant's participation. *Cary v. State* (1984), Ind., 469 N.E.2d 459. Appellant's testimony was more than sufficient

to establish a factual basis for the rape conviction.

Appellant's final contention is that the trial judge "failed to advise him of all the rights and consequences associated with his pleas."

In his brief, appellant has not specifically alleged the omission of any of the advisements set out in the guilty plea statute, Ind.Code § 35–35–1–2. His *pro se* petition did list a number of allegedly omitted advisements; however, the transcript of the guilty plea hearing reveals that he was fully informed by the trial judge of the rights he was waiving and the consequences of entering a plea of guilty. As appellant has failed to specify any omissions and the record reveals the trial judge did an exemplary job of complying with the statute, we conclude that appellant's claim is wholly without merit.

The trial court is in all things affirmed.

All Justices concur.