**John B. ELLIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 10A05–9908–PC–343.

Court of Appeals of Indiana.

Aug. 31, 2000.

Transfer Granted Oct. 19, 2000.

Susan K. Carpenter, Public Defender of Indiana, Tracy A. Nelson, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy

Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

Appellant, John B. Ellis, appeals the denial of post-conviction relief. Specifically, Ellis contends that his guilty plea was not entered into voluntarily because the judge indicated what sentence he would accept in a plea hearing. Because we find that the judge's comments did not affect the voluntariness of the plea, we affirm the denial of post-conviction relief.

### Facts and Procedural History

The facts reveal that Ellis was charged with numerous felonies connected with the rapes of four women. Ellis entered into a plea agreement which provided that in exchange for his plea, he would receive concurrent sentences for all of the charges, resulting in an aggregate sentence of twenty years. At the plea hearing, however, the trial court did not accept the proposed plea agreement after one of the victims, Ms. Himelick, testified about the circumstances of her rape and objected to the sentence imposed by the agreement. Ms. Himelick testified that she would prefer her case go to trial.

The trial court judge stated:

"[w]hat I'm going to do is somewhat unusual because I don't usually do this in these cases and I want to make certain that everybody understands that I respect [the prosecutor's] decision and the decision of these other women in this situation so I'm not going to accept the Agreement today. I'm going to state what I will accept in this particular instance. I'll accept one of two things. I'll accept the Agreement with all concurrent sentences opting out Counts V and VI as it applies (sic) to Ms. Himelick and her case will go to trial or I will accept the Plea Agreement opting out Ms. Himelick's charges, Count V and VI, and then if Mr. Ellis accepts the plea and takes 20 years on the Rape in Ms. Himelick's case and agrees to accept consecutive sentencing in her case then I'll accept the Plea Agreement. So the sentences would be all concurrent with the exception of hers. As it applies (sic) to her case, they would have to be consecutive . . . . "

Petitioner's Exhibit One at 192–94.

Approximately two months later, the trial court approved a new plea agreement which provided that in exchange for Ellis's guilty plea, he would serve twenty-year concurrent sentences for all charges except for the charges connected with Ms. Himelick. Although the sentences for the multiple charges related to her rape would be served concurrently to each other, as a whole, the sentence would be served consecutively to the charges connected to other victims, making the sentence an aggregate term of forty years.

At the second plea hearing, the trial court advised Ellis of his rights and asked him if he understood the plea agreement. Ellis replied that he understood the agreement, and also responded that his plea was free and voluntary. After establishing the factual basis for the plea, the trial court entered Ellis's guilty pleas and sentenced him to an aggregate term of forty years.

Ellis filed a *pro se* petition for post-conviction relief, which was later amended by counsel. In the amended petition, Ellis alleged that the plea agreement was not entered into voluntarily due to the trial judge's comments during the negotiations that indicated what sentence would be acceptable. The post-conviction court denied his petition for relief, and issued findings of fact and conclusions of law. The court held that the trial court judge's comments were not improper and that Ellis's plea was voluntary.

### Discussion and Decision

Ellis asserts that the post-conviction court wrongfully denied his petition for post-conviction relief. The petitioner bears the burden of establishing the

grounds for post-conviction relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied.* Upon review, we "may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court which is the sole judge of the evidence and the credibility of the witnesses." *Blunt–Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct.App.1999). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Brown v. State,* 712 N.E.2d 503, 505 (Ind.Ct.App.1999), *trans. denied.*

In particular, Ellis contends that the post-conviction court erroneously denied his petition because the trial judge's comments in a plea hearing about what sentence he would accept in a plea agreement rendered his guilty plea involuntary. Ellis argues that after the judge's comments, he felt pressured to accept the judge's terms because he believed he would receive a longer sentence if he went to trial. Ellis further contends that he thought he would not receive a fair trial if he did not accept the judge's proposed sentence.

Our supreme court addressed the issue of a judge participating in plea negotiations in *Anderson v. State,* 263 Ind. 583, 335 N.E.2d 225, 228 (1975). In *Anderson,* a trial judge actively participated in plea negotiations with the defendant in the midst of trial over the prosecution's objection. The court stated that "[t]he participation of a trial judge in the plea bargaining process does not, as a matter of law, render a guilty plea involuntary." *Id.* at 227. Instead, the court indicated that we must look at all the circumstances surrounding the plea to determine whether the plea was voluntary. *Id.* The court emphasized that a judge's primary responsibility is to maintain integrity in the system and promote evenhanded justice, and with the unequal positions of the judge and

the accused, a judge's actions may influence the decisions of the accused. *Id.* at 228 (quoting *United States ex rel. Elksnis v. Gilligan,* 256 F.Supp. 244, 254 (D.C.N.Y. 1966)). The circumstances of the guilty plea in *Anderson* were not ascertainable upon review because the trial record was silent as to the extent and content of negotiations. The supreme court held that although it could not determine that the plea was involuntary, the record did not indicate otherwise. *Anderson,* 335 N.E.2d at 228. Therefore, the court reversed, indicating the need for a "sound record affirmatively showing voluntariness...." *Id.*

In rendering its decision, the *Anderson* court refused to adopt the American Bar Association's Standards for Criminal Justice, but nevertheless looked to these standards for guidance. In particular, Section 3.3 relating to guilty pleas stated, at the time, that a judge should not participate in plea discussions and only enter the process to indicate whether he or she approves of the agreement. However, this standard has since been amended. Section 3.3 is much more flexible now, providing that a judge may serve as a moderator in plea discussions and indicate what charge or sentence concessions would be acceptable. ABA Stand. for Criminal Justice 14 § 3.3 (1980 & Supp.1986). This standard also states that any plea discussions in which the judge participates should be conducted in open court and recorded. *Id. See also* IND.CODE 35–35–1–1 *et. seq.* (West 1998) (listing procedural safeguards intended to prevent an accused from being coerced into accepting a plea).

█ When applying the *Anderson* test of looking at all circumstances surrounding the guilty plea to the instant case, we find that the trial judge's comments are preserved in the record, making our assessment of the circumstances an easier task. Further, the trial judge's comments in this case are distinguishable from the trial judge conducting plea negotiations with the defendant in *Anderson* in the midst of trial over the prosecution's objection. At

Ellis's first plea hearing, after Ms. Himelick testified about her rape, the trial judge parted from the traditional format of a plea hearing and told the parties that he would not accept the plea agreement unless the sentence for the charges connected to Ms. Himelick's rape would run consecutively to the other sentences. The judge merely indicated that he would accept this forty-year sentence, without any further commentary.

The trial judge's comments at the plea hearing in no way interfered with Ellis's right to proceed to trial and did not affect the voluntariness of his plea when two months later, after another plea hearing in which he was advised of all his rights, Ellis pleaded guilty to the charges in exchange for a forty-year sentence. After the judge's comments in the first plea hearing, Ellis had an opportunity to reconsider his options and seek the advice of counsel. Upon further consideration, Ellis freely and voluntarily decided to plead guilty instead of proceeding to trial. From these circumstances, we conclude that the trial judge's comments did not render Ellis's guilty plea involuntary.

Moreover, like the supreme court in *Anderson*, we find that the ABA Standards relating to guilty pleas may give guidance to a judge's role in plea negotiations. Section 3.3 now allows judges to take a more active role in the plea bargaining process, allowing them to indicate what sentence and charge concessions would be acceptable. However, trial judges should exercise caution in entering these discussions due to their projected influence on the accused's decisions. Any discussions should be conducted in open court and recorded for purposes of review.

Judgment affirmed.

SULLIVAN, J., and BAILEY, J., concur.

deliberations; and (8) defendant was not entitled to a new trial.